# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50226

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2018

Lyle W. Cayce
Clerk

ERASMO SANTA, JR.,

Plaintiff-Appellant

v.

MARIA T. HERR, Bexar County Judge; SUSAN D. REED, Ex. District Attorney; KEVIN WILLIS, Assistant States Attorney; KEVIN O'CONNELL, Assistant States Attorney; EDWARD F. SHAUGHNESSY, III, Trial Appointed Attorney; JULIE B. POLLOCK, Appeal Appointed Attorney; MARY BETH WELSH, Assistant States Attorney,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-1160

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Erasmo Santa, Jr., Texas prisoner # 1602845, is currently serving a sentence of imprisonment that was imposed due to his jury trial conviction of murder.  He moves for leave to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his civil action, in which he named as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants the state trial judge, his trial counsel, his appellate counsel, the district attorney, and several assistant prosecutors. Santa's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997).

Santa's civil complaint raised allegations that the defendants violated his due process rights in connection with his trial and his direct appeal in numerous respects. He claimed, *inter alia*, that prosecutors improperly altered his indictment, that they withheld evidence, and that they deceived the jury into believing that he had committed a murder. He claimed that a prosecutor made misleading and false statements in her brief to the state appellate court. Santa claimed that his trial counsel and his appellate counsel provided ineffective assistance. Santa also claimed that the trial judge violated his rights by allowing him to be prosecuted based on an illegal indictment. The district court dismissed Santa's civil action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and 28 U.S.C. § 1915A(b)(1)-(2) based on a determination that Santa failed to state a non-frivolous claim and that Santa was seeking monetary relief against immune defendants.

In his IFP filings in this court, Santa questions whether it was appropriate for the district court to have denied his request to proceed IFP on appeal after the district court had granted him leave to proceed IFP in his civil action. Santa also presents arguments that challenge the validity of his murder conviction. He contends that he struggled with the victim in self-defense and that the injuries he inflicted on the victim were not the cause of death. Santa claims that that his rights were violated when he was not allowed to proceed pro se in his direct appeal. He argues that state actors are engaging in a "cover up" in his case to conceal their violations of his rights during his criminal case.

Santa has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, we deny his motion for leave to proceed IFP and dismiss the appeal as frivolous. *See Baugh,* 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. We also deny Santa's motion for the appointment of counsel.

The dismissal of the instant appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of the civil action. *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996). Santa has accrued two strikes, and he is hereby warned that if accumulates three strikes under § 1915(g) he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; MOTION FOR THE APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.